IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Jose Bustos, #243392,                          )
                                               )
                        Petitioner,            )        C.A. No. 3:06-368-HMH-JRM
                                               )
            vs.                                )        **OPINION & ORDER**
                                               )
William White, Warden of Broad River           )
Correctional Institution; and Henry D.         )
McMaster, Attorney General of South            )
Carolina,                                      )
                                               )
                        Respondents.           )

        This matter is before the court with the Report and Recommendation of United States

Magistrate Judge Joseph R. McCrorey, made in accordance with 28 U.S.C. § 636(b) and

Local Civil Rule 73.02 of the District of South Carolina.[1]  Jose Bustos ("Bustos") is a pro se

state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.  In his Report and

Recommendation, Magistrate Judge McCrorey recommends denying the Respondents' motion

for summary judgment on Bustos's claim that "his trial attorney was ineffective for failing to

advise him that he would be ineligible for parole" and granting the Respondents' motion in all

other respects.  (Report and Recommendation 20.)

_____

        [1] The recommendation has no presumptive weight, and the responsibility for making a
final determination remains with the United States District Court.  See Mathews v. Weber,
423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of
those portions of the Report and Recommendation to which specific objection is made.  The
court may accept, reject, or modify, in whole or in part, the recommendation made by the
magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Bustos is currently incarcerated with the South Carolina Department of Corrections ("SCDC"). Bustos pled guilty on August 11, 1997, to four counts of drug trafficking, one count of unlawful drugs, and one count of possession of a firearm during the commission of a violent crime. Bustos was sentenced to twenty years' imprisonment, concurrent, on the cocaine charges, ten years' imprisonment, concurrent, on the marijuana charge, and five years' imprisonment, consecutive, on the firearms charge. (PCR II Appendix 118-19.) Dallas Ball ("Ball") represented Bustos at his pretrial proceedings. Bustos did not appeal his conviction and sentence.

Bustos filed a pro-se application for post-conviction relief ("PCR I") on October 31, 1997, which was dismissed on February 16, 1999. ( PCR I Appendix 1, 19.) In his PCR application, Bustos alleged involuntary guilty plea, ineffective assistance of counsel, and lack of subject matter jurisdiction due to a defective indictment. (Id.) The South Carolina Supreme Court denied Bustos's petition for writ of certiorari on June 22, 2001.

Bustos filed a state habeas action on October 25, 2001. After a hearing on March 24, 2003, the court dismissed the action, finding that Bustos was barred from pursuing a writ of habeas corpus in state court. Further, the court noted that Bustos had a pending PCR action, which he could amend to add the claims alleged in the state habeas action.

Bustos filed a second application for post-conviction relief ("PCR II") on June 12, 2002, while his state habeas action was pending. (PCR II Appendix 27.) He amended his PCR II on December 2, 2002. (Id. 38.) After a hearing on July 28, 2004, the court dismissed all of Bustos's claims as successive and untimely except his claims that Ball was

2

constitutionally ineffective for misinforming him about his parole eligibility and deportation. (Id. 83.)  The court found that "trial counsel did not advise the Applicant about either parole eligibility or deportation possibilities with regard to his charges." (Id. 86.)

The South Carolina Office of Appellate Defense filed a Johnson petition on Bustos's behalf questioning "whether there was any evidence to support the PCR judge's finding that petition was not entitled to relief." (Pet. Writ. Certiorari 2.)  The South Carolina Supreme Court denied the petition on August 26, 2005.  On February 2, 2006, Bustos filed the instant petition pursuant to § 2254.[2]

In his petition, Bustos raised three grounds: (1) ineffective assistance of counsel, (2) involuntary and unlawful guilty plea, and (3) conviction obtained by a violation of the privilege against self-incrimination.

## II.  REPORT AND RECOMMENDATION

The Magistrate Judge recommended granting the Respondents' motion for summary judgment on all grounds except Bustos's claim that Ball was ineffective for failing to inform him that he was ineligible for parole.  (Report and Recommendation 20.) The Magistrate Judge found that genuine issues of material fact existed concerning whether Bustos's petition was time-barred and whether Ball's failure to inform Bustos that he was ineligible for parole constituted constitutionally ineffective assistance of counsel.  (Id. generally.)

---

[2]Houston v. Lack, 487 U.S. 266 (1988).

### III. Discussion of the Law

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Moreover, "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). With respect to this burden, "it is the responsibility of the [nonmovant], not the court, to identify with particularity the evidentiary facts existing in the record which can oppose the [movant's] summary judgment motion." Malina v. Baltimore Gas & Elec. Co., 18 F. Supp. 2d 596, 604 (D. Md. 1998).

4

## B. Standard of Review in a § 2254 Petition

In addition to the standard that the court must employ in considering the Respondents' motion for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254 (2006). Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim –
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," Bustos has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, "'[a] federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Humphries, 397 F.3d at 216 (quoting Williams, 529 U.S. at 410). "Thus, to grant [Bustos's] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

5

### C. Objections to the Report and Recommendation

The Respondents filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The Respondents specifically object to the Magistrate Judge's conclusion that the Respondents' motion for summary judgment should be denied on Bustos's claim that Ball was ineffective for failing to inform him of his parole ineligibility. Specifically, the Respondents allege that (1) the Magistrate Judge incorrectly found that Bustos's petition was timely under 28 U.S.C. § 2244(d)(1)(D); (2) the Magistrate Judge improperly found that the PCR court misapplied the standard in Strickland v. Washington in finding that Ball was not constitutionally ineffective for failing to inform Bustos that he was parole ineligible; (3) Bustos cannot show prejudice resulting from Ball's failure to inform him of his parole ineligibility; and (4) Bustos had "adequate notice that the acts he was committing were illegal under South Carolina law and of his parole ineligibility" and Ball did not misadvise Bustos concerning his parole eligibility. (Objections, generally.)

### 1. Statute of Limitations

Under 28 U.S.C. § 2244(d)(1)(D), the one-year statute of limitations for a § 2254 petition runs from "the date on which the factual predicate of the claim or claims presented

6

could have been discovered through the exercise of due diligence." "Due diligence does not require the maximum feasible diligence, but it does require reasonable diligence in the circumstances." Schlueter v. Varner, 384 F.3d 69, 74 (3rd Cir. 2004) (internal quotation marks omitted). In addition, the running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

The Magistrate Judge found that genuine issues of material fact exist concerning whether the instant petition was timely under 28 U.S.C. § 2244(d)(1)(D). Bustos filed the instant petition within one year, excluding tolled time, of learning the factual predicate to support his ineffective assistance of counsel claim concerning parole ineligibility. (Report and Recommendation 19.) However, the Magistrate Judge found that issues of fact remained as to whether Bustos was reasonably diligent in discovering that he was ineligible for parole. In reaching this conclusion, the Magistrate Judge noted that "the PCR II court implicitly held that the state statute of limitations did not begin to run until Bustos received the SCDC memorandum dated May 3, 2002," informing Bustos that he had incorrectly been classified as parole eligible. (Id. 19.)

In their objections, the Respondents argue that § 2244(d)(1)(D) does not apply because Bustos had adequate notice that he was parole ineligible, given that he pled guilty to three trafficking offenses, which are not parole offenses pursuant to S.C. Code Ann. §§ 24-13-100 and 16-1-10. (Objections 2-3.) Further, the Respondents argue that Ball did not misadvise Bustos regarding his parole eligibility. (Id.)

"The law is clear that a valid plea of guilty requires that the defendant be made aware of all the direct consequences of his plea." Cuthrell v. Dir., Patuxent Inst., 475 F.2d 1364, 1365 (4th Cir. 1973) (internal quotation marks omitted).  Parole ineligibility is a direct consequence of a plea. Id. at 1366.  Bustos pled guilty to three no-parole offenses, and Ball did not inform Bustos prior to his guilty plea that he would be ineligible for parole. Therefore, Bustos did not have adequate notice that he was ineligible for parole.  Based on the foregoing, the court finds that § 2244(d)(1)(D) applies in this case.

At the PCR II hearing, Bustos testified that he did not know that he was ineligible for parole until March or May 2002.  (PCR II Appendix 51, 57-59.)   Bustos received a memorandum from the SCDC dated May 3, 2002, informing him that he was ineligible for parole.  (Id. 51.)  Bustos could not have discovered that he was parole ineligible prior to this time because the SCDC had incorrectly classified Bustos as parole eligible.

Bustos filed his PCR II raising the parole ineligibility claim on June 12, 2002, which was dismissed on August 20, 2003.  Notably, the State moved to dismiss PCR II based on the statute of limitations applicable to PCR applications.  However, the PCR II court denied the state's motion and addressed the merits of Bustos's claim of ineffective assistance of counsel concerning parole eligibility.  (Id. 51-53.)

The South Carolina Office of Appellate Defense filed a Johnson petition raising the following issue: "whether there was any evidence to support the PCR judge's finding that petitioner was not entitled to relief."  (Pet. Writ. Certiorari 1.)  The Johnson petition was dismissed on August 26, 2005.  The remittitur was returned on September 12, 2005.  Bustos filed the instant petition on February 2, 2006.  Based on the foregoing, Bustos has shown that

with due diligence, he could not have discovered the underlying factual predicate of the claims earlier.  See 28 U.S.C. § 2244(d)(1)(D).  Therefore, the court finds that no genuine issues of material fact exist concerning the Respondents' statute of limitations claim, and that the instant petition was timely filed pursuant to § 2244(d)(1)(D).

### 2. Ineffective Assistance of Counsel

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Bustos must demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that he was prejudiced by his counsel's deficient performance.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689.  With respect to the second prong, Bustos must demonstrate a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985).  Bustos alleges that Ball was constitutionally ineffective for failing to inform him that he was ineligible for parole.  The court agrees.

The Magistrate Judge concluded that the PCR II court misapplied Strickland.  (Report and Recommendation 15.)  The Magistrate Judge found that genuine issues of material fact exist concerning whether "Bustos was originally eligible for parole, but became ineligible due to a change in law or a SCDC classification."  (Report and Recommendation 15.)  However, there are no genuine issues of material fact concerning whether Bustos was ever parole-eligible.  In their objections, the Respondents state that Bustos pled guilty to three Class A felonies, which are no-parole offenses.  See S.C. Code Ann. § 24-13-100 (defining a "no-

parole offense" as a "class A, B, or C felony or an offense exempt from classification as enumerated in section 16-1-10(d), which is punishable by a maximum term of imprisonment for twenty years or more").  Based on the foregoing, it is clear that Bustos has never been parole eligible because he pled guilty to three no-parole offenses.

In their objections, the Respondents allege that the PCR II court did not misapply Strickland because its decision denying Bustos relief on his ineffective assistance of counsel claim was not contrary to clearly-established federal law.  In support of this argument, the Respondents submit that there is no United States Supreme Court precedent requiring counsel to advise defendants concerning their parole eligibility.  Further, the Respondents submit the PCR II court's decision was reasonable because "reasonable jurists differ as to the necessity for counsel to advise a client regarding parole eligibility."  (Objections 5.)

"The law is clear that a valid plea of guilty requires that the defendant be made aware of all the direct consequences of his plea."  Cuthrell, 475 F.2d at 1365 (internal quotation marks omitted).  "By the same token, it is equally well settled that, before pleading, the defendant need not be advised of all collateral consequences of his plea . . . ."  Id.  "The distinction between 'direct' and 'collateral' consequences of a plea, while sometimes shaded in the relevant decisions, turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendants' punishment."  Id. at 1366.  The Supreme Court of the United States has not addressed whether parole ineligibility is a direct consequence of a plea.  However, the Fourth Circuit has specifically held that "when a defendant pleads guilty to an offense under which he is not eligible for parole, he should be made aware of that fact before the acceptance of his plea."  Id.; see also Hawkins v. Murray,

10

798 F. Supp. 330, 336 (E.D. Va. 1992) (finding that the petitioner "succeeded in showing that he received constitutionally ineffective assistance of counsel when his counsel failed to advise him that parole ineligibility would be a direct consequence of his plea"). "The reason for this conclusion is that the right to parole has become so engrafted on the criminal sentence that such right is assumed by the average defendant and is directly related in the defendants' mind with the length of his sentence." Id. (internal quotation marks omitted). Based on the foregoing, the court finds that Ball's failure to inform Bustos that he was ineligible for parole was contrary to clearly-established federal law and unreasonable. Having found that Ball's performance fell below an objective standard of reasonableness, the court must determine whether Bustos has shown prejudice as a result of Ball's deficient performance. See Strickland, 466 U.S. at 687.

The Respondents allege that Bustos cannot show prejudice as a result of Ball's failure to advise Bustos that he was ineligible for parole because Bustos was classified by the SCDC as parole eligible until May 2002. (Objections 7.) Hence, the Respondents submit that to find that Ball was ineffective "would require this court to adopt a standard that counsel is ineffective unless he possesses Periclean foresight or uses a crystal ball to assist in his representation of criminal defendants." (Id. 8.) This argument is without merit. Bustos pled guilty to three no-parole offenses. The fact that the SCDC incorrectly classified Bustos as parole eligible does not affect the court's analysis. Bustos alleges that his guilty plea was rendered involuntary because Ball misadvised him that he was parole eligible. The PCR II court found that Ball did not inform Bustos that he was ineligible for parole. Therefore, in

11

determining whether Ball was constitutionally ineffective, the court reviews Ball's

performance prior to and during Bustos's guilty plea.

Moreover, Bustos has alleged that had he known that he was ineligible for parole, he

would not have pled guilty.  (Mem. Opp'n Resp'ts' Mot. Summ. J. 7; PCR II App. 59-60.)

In Hill v. Lockhart, the Supreme Court of the United States declined to address the question

of whether "there may be circumstances under which erroneous advice by counsel as to parole

eligibility may be deemed constitutionally ineffective assistance of counsel . . ." because the

petitioner had failed to show prejudice.  474 U.S. 52, 60 (1985).  The Supreme Court found

that the petitioner failed to show prejudice because

> Petitioner did not allege in his habeas petition that, had counsel correctly
> informed him about his parole eligibility date, he would have pleaded not guilty
> and insisted on going to trial.  He alleged no special circumstances that might
> support the conclusion that he placed particular emphasis on his parole eligibility
> in deciding whether or not to plead guilty.

Id.  In the case at bar, Bustos testified that he decided to plead guilty based on the fact that he

"would be parole eligible after [he] served a fraction of [his] sentence."  (PCR II Appendix

58-59.)  Further, he testified that he would not have pled guilty had he known he was

ineligible for parole.  (Id. 59-61.)  Therefore, Bustos has been prejudiced by Ball's failure to

inform him that he was ineligible for parole.

Finally, Respondents allege that Bustos had adequate notice of his parole ineligibility

because he pled guilty to three Class A felonies that are classified as violent crimes and no-

parole offenses.  (Objections 8-9.); S.C. Code Ann. § 24-13-100.  In addition, the

Respondents argue that Ball did not misadvise Bustos on his parole status.  (Objections 9.)

The court rejects this argument.  Bustos's parole ineligibility was a direct consequence of his

12

plea, and therefore, Ball had an obligation to inform Bustos that he was pleading guilty to a no-parole offense.

Based on the foregoing, the court finds that Ball was constitutionally ineffective in failing to inform Bustos prior to his guilty plea that he was ineligible for parole.  Further, the court finds that Ball's failure to inform Bustos has prejudiced him.  Therefore, after a thorough review of the Magistrate Judge's Report and the record in this case, and to the extent the Magistrate Judge's Report is consistent with this opinion, the court adopts Magistrate Judge McCrorey's Report and Recommendation.

It is therefore

**ORDERED** that the Respondents' motion for summary judgment, docket number 8, is denied in part and granted in part.  It is further

**ORDERED** that Bustos is granted a conditional Writ of Habeas Corpus.  It is further

**ORDERED** that Bustos's conviction is vacated, and this matter is remanded to the State Court.  It is further

**ORDERED** that the State is directed either to retry Bustos, or to release him from custody within 180 days of the date of this Order.

**IT IS SO ORDERED.**


                                                s/Henry M. Herlong, Jr.
                                                United States District Judge

Greenville, South Carolina
March 22, 2007

**NOTICE OF RIGHT TO APPEAL**

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.